**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARY C. KERNER, | No. 09-16970 |
| Plaintiff-Appellant, | D.C. No. 3:08-cv-04528-EDL |
| v. | |
| JORGE MENDEZ; PATRICK PHILLIPS; UNITED AIRLINES (UAL); KEN SMART; UNITED AIR LINES, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted November 2, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, RYMER, Circuit Judge, and TRAGER,[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

District Judge.

Plaintiff Mary C. Kerner ("plaintiff") appeals from an order issued by the District Court for the Northern District of California dismissing her claim under 42 U.S.C. § 1983 ("Section 1983") against defendants United Airlines and three United Airlines employees, including Jorge Mendez (collectively, "defendants"). Given the parties' familiarity with the facts, we do not recount them here. This Court has jurisdiction under 28 U.S.C. § 1291. For the following reasons, the decision of the district court is affirmed.

A district court's decision to dismiss a Section 1983 action pursuant to Rule 12(b)(6) is reviewed de novo. Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006). A plaintiff asserting a Section 1983 claim must allege the deprivation of a constitutional right by a defendant acting under color of state law. Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).

Mendez was not acting under color of state law. See Collins v. Womancare, 878 F.2d 1145, 1150–56 (9th Cir. 1989); Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257–58 (9th Cir. 2008). Kerner has not alleged facts showing that the state may "fairly be blamed" for the defendants' conduct. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982).

Because the district court correctly concluded that the alleged deprivation

underlying Plaintiff's Section 1983 claim was not under "color of state law," the district court's decision is affirmed.

**AFFIRMED**.